IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANDREA CAMPBELL,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:13-CV-00106-RDP |
| **STATE OF ALABAMA DEPARTMENT OF CORRECTIONS,** d/b/a Donaldson Correction Facility, | } |
| **Defendant.** | } |

**MEMORANDUM OPINION**

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 17). The Motion has been fully briefed. (Docs. # 19 and 20).

Plaintiff's Amended Complaint states two claims, a gender discrimination claim and a race discrimination claim, both alleging that Defendant's policy allowing male employees but not female employees to wear their hair in dreadlocks is facially discriminatory. (Doc. # 14-1). Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Plaintiff asserts that she was told her hair was not authorized under the policy. She began wearing a toboggan to comply with the policy. She asserts that this became uncomfortable when the weather became warmer. (Doc. # 14-1 at pp. 4-5). Although Plaintiff claims she was "unjustly disciplined," she does not allege that she was forced to change her hair or that Defendant took any employment action against her. (Doc. # 14-1 at pp. 4-6).

As a general matter, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss, a complaint must "state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. To survive Defendants' Motion, the allegations of Plaintiff's Complaint must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.*

A plaintiff may establish a prima facie case of discrimination through direct evidence or circumstantial evidence. *Dixon v. Hallmark Cos.*, 627 F.3d 849, 854–55 (11th Cir. 2010). When a plaintiff lacks direct evidence and must prove discrimination circumstantially, we evaluate the claims using the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

"Even where direct evidence of discrimination exists, [a plaintiff] must present evidence of an adverse employment action." *Van Voorhis v. Hillsborough County Bd. of County Com'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1230 n. 34 (11th Cir. 2001). To prove an adverse employment action,[1] an employee must show "a serious

---

[1] "'[D]iscrimination claims ... brought under ... 42 U.S.C. § 1981 [and] Title VII ... are subject to the same standards of proof and employ the same analytical framework.'" *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 901 n.11 (11th Cir. 2011) (quoting *Bryant v. Jones*, 575 F.3d 1281, 1296

and material change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). Under this standard, the employee's subjective view of the significance and adversity of the employer's action is not controlling. *Id.* Instead, the employment action must be materially adverse as viewed by a reasonable person in the circumstances. *Id.* Generally, an adverse employment action involves a "significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Webb–Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Not all conduct by an employer that negatively affects an employee should be deemed an adverse employment action. *Davis,* 245 F.3d at 1238. The action must be more than "some de minimis inconvenience or alteration of responsibilities." *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441, 1452 (11th Cir. 1998). Additionally, while an adverse employment action need not result in a decrease in pay, "the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." *Davis,* 245 F.3d at 1239. As the Eleventh Circuit has pointed out, "'[N]ot everything that makes an employee unhappy is an actionable adverse action.'" *DeKalb County School District*, 145 F.3d at 1449 (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)).

"Grooming policies are typically outside the scope of federal employment discrimination statutes because they do not discriminate on the basis of immutable characteristics." *Pitts v. Wild Adventures, Inc.*, 2008 WL 1899306 * 5 (M.D. Ga. 2008)  (citing *Willingham v. Macon Tel. Pub.*

n. 20 (11th Cir. 2009)).

*Co.,* 507 F.2d 1084 (5th Cir. 1975)).  A dreadlock hairstyle, like hair length, is not an immutable characteristic.  Therefore, policies allowing such hairstyles for one gender but not another are not actionable under federal anti-discrimination laws.  *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998).

In *Harper*, four male employees sued Blockbuster claiming that Blockbuster's grooming policy allowing female employees but not male employees to wear their hair long discriminated against them on the basis of their sex.  *Harper*, 139 F.3d at 1386.  Blockbuster moved to dismiss the complaint pursuant to F.R.C.P. 12(b)(6).  *Id.*, at 1387.  The district court granted the motion, and Plaintiffs appealed.  *Id.*  After noting that "[a] motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" the Eleventh Circuit affirmed the district court's dismissal.  *Id.* at 1387 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Here, Plaintiff complains that Defendant's policy allowing men but not women to wear their hair in dreadlocks (1) is discriminatory on the basis of sex and (2) has a disparate impact on the basis of race.  The court addresses these separate claims in turn.

Plaintiff's gender claim is due to be dismissed.  The Eleventh Circuit stated, "[i]n *Willingham v. Macon Telegraph Pub. Co.*, 507 F.2d 1084, 1092 (5th Cir.1975) (en banc), our predecessor court[2] held that differing hair length standards for men and women do not violate Title VII, a holding which squarely forecloses the plaintiffs' discrimination claim." *Harper*, 139 F.3d at 1387.  The fact that one policy dealt with hair length and another hair style (dreadlocks) is of no moment.[3]  *Willingham*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Defendant has cited a number of cases in support of this point. (*See* Doc. #17, citing *Rogers v. American Airlines, Inc.*, 527 F.Supp. 229, 232 (S.D.N.Y. 1981) ("An all-braided hair style is an 'easily changed characteristic,' and, even if socio-culturally associated with a particular race or nationality, is not an impermissible basis for distinctions in the application of employment practices by an employer."); *Carswell v. Peachford Hosp.*,

and *Harper* "squarely foreclose[] the plaintiff['s gender] discrimination claim." *Harper*, 139 F.3d at 1387.

Regarding Plaintiff's disparate impact race claim, the court is unsure how a policy that purportedly allows black males but not black females to wear a certain hairstyle has a disparate impact based upon race. Nevertheless, the court will provide Plaintiff a final opportunity to amend the complaint to assert a viable disparate impact claim based upon race. That is, as with all such Title VII impact claimants, Plaintiff must be prepared to show, usually through statistical evidence, that the policy in question disproportionately and adversely impacts African-Americans. *See* 42 U.S.C. § 2000e-2(k)(1)(A)(i).

Defendant's Motion to Dismiss Plaintiff's Amended Complaint is due to be granted on the current pleadings. Plaintiff will be given one more opportunity to amend the allegations regarding her disparate impact claim. A separate order will be entered.

**DONE** and **ORDERED** this ___20th___ day of May, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

1981 WL 224, 2 (N.D. Ga. 1981) (granting judgment to defendant on claim that prohibiting beads in hair equated to discrimination after stating that, "[t]here is no evidence... that the wearing of beads in one's hair is an immutable characteristic, such as national origin, race, or sex. Further, this court cannot conclude that the prohibition of beads in the hair by an employer is a subterfuge for discrimination."); *Burchette v. Abercrombie & Fitch Stores, Inc.*, 2010 WL 1948322, 11 (S.D.N.Y. 2010) (granting judgment to an employer with respect to claim that enforcing prohibition against two-toned hair amounted to retaliation); *McBride v. Lawstaf, Inc.* 1996 WL 755779, 2 (N.D.Ga.1996) (acknowledging that "as existing law provides that a grooming policy prohibiting braided hairstyles is not violative of Title VII, plaintiff's belief as to the discriminatory nature of defendant's conduct was unreasonable."); *Knight v. Yarborough,* 2011 WL 4550190, 19 (C.D.Cal. 2011) (granting judgment to prison authorities who were challenging inmate challenge to dreadlock prohibition, after stating that "[h]airstyle or length, by itself, in a vacuum outside of race or religion, is not a suspect classification sufficient to warrant strict scrutiny under the Fourteenth Amendment.")).